IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DARREN LAMONT KEYS                          :

    Petitioner                                :

v                                           :        Civil Action No. CCB-07-2049
                                         (Related Crim Case CCB-98-144)

UNITED STATES OF AMERICA                    :

    Respondent                                :

o0o

## MEMORANDUM

The above-captioned motion to vacate was filed on July 30, 2007, alleging improprieties in a sentencing proceeding revoking petitioner's supervised release.  Paper No. 71.  Petitioner states the instant motion is an amendment to the motion to vacate he filed on February 15, 2006.  Paper No. 55.  He asserts that the amendment should be permitted because no response was filed to the motion and a decision on the case has not been issued.  Paper No. 71.  For the reasons that follow, the motion to vacate must be dismissed without prejudice.

After pleading guilty to charges of fraudulent use of unauthorized access devices, petitioner was sentenced to serve 27 months with 3 years of supervised release on October 20, 1998.  Paper No. 17.  An arrest warrant was issued On September 7, 2001, after the United States Probation Office filed a petition requesting a warrant for alleged violations of supervised release.  Papers No. 33 and 34.  On July 3, 2003, this court revoked petitioner's supervised release and imposed a total term of 18 months to run consecutively with a sentence imposed by the United States District Court for the Middle District of Florida.  Paper No. 39.  Petitioner appealed the revocation of his supervised release to the Fourth Circuit Court of Appeals.  Paper No. 40.  The Fourth Circuit affirmed this court's decision on May 13, 2004, and denied petitioner's motion for reconsideration on July 15, 2004.  Papers No. 46 and 48.  Petitioner filed a motion to vacate pursuant to 28 U.S.C.

§ 2255 on February 15, 2006.  Paper No. 55.  This court granted petitioner 30 days to file a response

explaining why his motion was not untimely.  Papers No. 56 and 57.  After receiving petitioner's

memorandum in response to this court's order, a decision dismissing the motion to vacate as

untimely was issued on June 26, 2006.  Papers No. 58, 59, 61 and 62.  Petitioner's motion for

reconsideration was denied on July 28, 2006.  Paper No. 65.

The instant motion to vacate is the second such motion to vacate filed by petitioner.   As

such, the motion may not be considered absent leave to do so from the United States Court of

Appeals for the Fourth Circuit.  *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115

F.3d 1192, 1194 (4th Cir. 1997) (*en banc*).  Under 28 U.S.C. §2255:

> A second or successive motion must be certified  as
> provided in section 2244 by a panel of the appropriate
> court of appeals to contain–(1) newly discovered
> evidence that, if proven and viewed in light of the
> evidence as a whole, would be sufficient to establish
> by clear and convincing evidence that no reasonable
> factfinder would have found the movant guilty of the
> offense; or (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by the
> Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit Court of Appeals.

Consequently, this court may not consider the merits of his claim unless and until he receives such

certification.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the

filing of a motion to obtain the aforementioned authorization order.  The procedural requirements

and deadlines for filing the motion are extensive.  Consequently, this court has attached hereto a

packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive

procedure to be followed should petitioner wish to seek authorization to file a successive petition

with the appellate court.  It is to be emphasized that petitioner must file his pleading with the Fourth

Circuit Court of Appeals and obtain authorization to file his successive petition before this court

may examine his claims. Since petitioner has failed to comply with the procedural requirements for

a successive petition, the motion will be dismissed without prejudice by separate order.


August 8, 2007                                    _____/s/_____
Date                                              Catherine C. Blake
                                                   United States District Judge

3